[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO MODIFY CUSTODY VISITATION AND SUPPORT
The parties divorced nearly ten years ago with a son, now sixteen, CT Page 12300 being issue of the marriage. The mother has had two other children by a subsequent marriage, one of whom is retarded and has special health care needs which severely tax her financial resources.
The child at question in this case is a sixteen year old male. While residing in the primary custody of his mother, he had various encounters with the law on a series of progressively more serious offenses culminating with a brief period of incarceration in a juvenile detention facility. It is further alleged by the mother and not disputed by the father that the child in question sexually molested his two stepsisters aged seven and four. As a result of this sexual abuse, the mother has had to provide psychotherapy for her two daughters on an already meager budget.
Based upon a condition of probation ordering the minor child to reside with him, defendant rather has come into this court seeking primary residential custody of the child and a modification of the existing support order. The defendant currently pays plaintiff mother around $65 per week in support. He seeks to have mother pay him the same amount which he acknowledges is far below the guidelines amount. Plaintiff mother testified at a hearing before the court and through her financial affidavit that payment of such an amount would be impossible by her although she conceded that the minor child should be living with his father rather than her.
After hearing the court enters the following orders:
Custody of the minor child is to be joint and primary residence is to be with the defendant with reasonable rights of visitation to the plaintiff. The defendant's support order is terminated.
The plaintiff's guideline support amount is found to be $82.75 based upon the worksheet, appendix A. The court finds that a weekly payment of the guideline amount by the plaintiff is inapplicable and inappropriate due to (1) her extraordinary parental expenses, i.e., therapy for her other children to allow the plaintiff to maintain a satisfactory relationship with her son and (2) special circumstances, i.e., the special needs of the plaintiff's oldest daughter who is retarded. Accordingly, the plaintiff is ordered to pay to the defendant $10 weekly as child support.
Potter, J.